**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VANALT ELECTRICAL | : | |
| CONSTRUCTION, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO.  03-6741 |
| | : | |
| v. | : | |
| | : | |
| SELCO MANUFACTURING | : | |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**<u>MEMORANDUM</u>**

BUCKWALTER, S.J.                                                    December 14, 2005

Presently before the Court are Plaintiff's Motion to Alter or Amend Judgment

(Docket No. 53) and Defendant's Reply (Docket No. 54).

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff brought the present action for breach of contract, breach of express

warranty and breach of implied warranty against Defendant for damages arising from Plaintiff's

purchase of multi-outlet connectors.  Plaintiff claimed that Defendant "represented and warranted

to [Plaintiff] that [Defendant's] multi-outlet connectors would . . . be pre-insulated, watertight

and submersible and include all necessary connecting hardware and insulating sleeves."  (Pl.'s

Compl. ¶ 19.)  After Plaintiff installed the multi-outlet connectors, Plaintiff commenced field

testing which allegedly revealed that the connectors were "neither watertight no submersible, as

represented and warranted by" Defendant.  <u>Id.</u> ¶ 24.  Plaintiff then "procured remedial materials

and implemented remedial measures necessary to provide fully operation, watertight and

submersible multi-outlet connectors."  <u>Id.</u> ¶ 30.

On August 26, 2004, Plaintiff submitted an invoice to Defendant in the amount of $236,439.87 for Plaintiff's "direct costs associated with the investigation, removal, resolution, rework, reinstallation and testing of . . . [the] defective connectors." (Pl.'s Mot. Amend or Alter J. Ex. B.) Plaintiff stated that if Defendant paid the invoice, Plaintiff would not pursue "further recovery of damages." Id. Plaintiff also stated that if Defendant chose not to compensate Plaintiff by September 15, 2003, Plaintiff would "pursue recovery of all damages to the fullest extent possible." Id. Defendant failed to comply with Plaintiff's demands, and the instant suit followed.

The matter was tried by a jury before this Court from October 17, 2005 to October 25, 2005. Plaintiff claimed $408,724.00 in damages. Ultimately, the jury found "in favor of Plaintiff Van Alt Electrical Construction and against Defendant Selco Manufacturing Corp [sic] in the amount of $300.000.00." (Pl.'s Mot. Amend or Alter J. Ex. A.) Plaintiff now brings this Motion to Alter or Amend the Court's Judgment to: (1) correct the name of Plaintiff from "Van Alt Electrical Construction" to "Vanalt Electrical Construction, Inc."[1] and (2) include prejudgment interest in the amount of $39,000 as part of the judgment.

## II. ANALYSIS

In Pennsylvania, prejudgment interest is available as a matter of right on money owed under a contract.[2] McDermott, 11 F. Supp. 2d at 632. "The burden of proof lies with the

_____

1.  Defendant does not contest Plaintiff's Motion to Alter or Amend the Court's Judgment to correct the name of Plaintiff from "Van Alt Electrical Construction" to "Vanalt Electrical Construction, Inc." Therefore, with respect to the correction of its name, Plaintiff's Motion is granted.

2.  Defendant argues that Plaintiff's post-trial Motion to Alter or Amend this Court's judgment to include prejudgment interest is procedurally flawed. However, it is proper for a plaintiff to make a post-trial motion to alter or amend judgment to include prejudgment interest pursuant to Rules 59(e) and 60(a). See N. Am. Speciality Ins.

(continued...)

party seeking prejudgment interest under a contract." Black Gold Coal Corp. v. Shawville Coal Co., 730 F.2d 941, 944 (3d Cir. 1984). Pennsylvania courts have adopted section 337(a) of the Restatement of Contracts[3] to determine whether a party is entitled to prejudgment interest. Id. at 943. In Black Gold, the Third Circuit explained that a plaintiff is entitled to prejudgment interest only if :

> (1) a defendant commits a breach of a contract to pay a definite sum of money; or (2) a defendant commits a breach of contract to render a performance the value of which in money is stated in the contract; or (3) a defendant commits a breach of contract to render a performance the value of which is ascertainable by mathematical calculation from a standard fixed in the contract; or (4) a defendant commits a breach of a contract to render a performance the value of which in money is ascertainable from establish market prices of the subject matter.

Id. The Third Circuit opined that the concept of liquidated damages is "implicit" in § 337(a). Id.

If a party is not entitled to prejudgment interest as a matter of right under § 337(a), "under Pennsylvania law, prejudgment interest may be awarded on a claim involving unliquidated damages at the discretion of the trial court." Krain, 1986 U.S. Dist. LEXIS 21740, at *3-4 (citing Feather v. United Mine Workers of Am., 711 F.2d 530, 540 (3d Cir. 1983)). See also N. Am. Speciality Ins. Co., 2002 U.S. Dist. LEXIS 11730, at *28; Montgomery County v. Microvote Corp., No. 97-6331, 2001 U.S. Dist. LEXIS 8737 (E.D. Pa. June 25, 2001). Courts

---

2.  (...continued)
Co. v. Chichester Sch. Dist., No.99-2394, 2002 U.S. Dist. LEXIS 11730, at *5-6 (E.D. Pa. Jan. 3, 2002); McDermott v. Party City Corp., 11 F. Supp. 2d 612, 617 (E.D. Pa. 1998); Krain Outdoor Displays, Inc. v. Tenn. Cont'l Corp., No. 85-2052, 1986 U.S. Dist. LEXIS 21740, at *8 (E.D. Pa. Aug. 8, 1986).

3.  As explained in Black Gold, "Restatement of Contracts § 337(a) (1932) is currently found at Restatement (Second) of Contracts § 347(a) (1981)." Id. at 943 n.1.

consider four factors when determining whether a discretionary award of prejudgment interest is

appropriate:

> (1) the diligence of the plaintiff in prosecuting the action; (2) whether the defendants have been unjustly enriched; (3) whether the award would be compensatory; and (4) whether there are countervailing equitable considerations which militate against an award of prejudgment interest.

Krain, 1986 U.S. Dist. LEXIS 21740, at *10 (citing Feather, 711 F.2d at 540).

In the present case, Plaintiff asked the jury to award $408,724.00 in damages for:

(1) direct costs (including labor, materials, and equipment); (2) interest on delayed payment; and,

(3) unabsorbed home office overhead.  (Def.'s Reply Ex. A.)  The Court will first address

whether Plaintiff's damages were liquidated damages under Black Gold, and consequently

whether Plaintiff is entitled to prejudgment interest as a matter of right.  Applying the first and

second prongs of Black Gold to the present case, the contract in question was not to pay a

definite sum of money and the contract was not for a performance the value of which was stated

in the contract.  In addition, under the third prong of Black Gold, the contract in this case did not

set forth a fixed standard to mathematically calculate the value of performance.  Finally, under

the last prong of Black Gold, the value of performance under the contract in this case is not

ascertainable from established market prices.  Defendant correctly points out that Plaintiff sought

consequential damages flowing from Defendant's alleged breach of contract, the value of which

was uncertain and necessitated Plaintiff's presentation of detailed testimony at trial.  Therefore,

because the damages in this case do not fall within the four categories set forth by the Third

Circuit in <u>Black Gold</u>, Plaintiff is not entitled to damages as a matter of right.[4]

The Court also finds that the factors enunciated in <u>Feather</u> do not warrant the

Court's discretionary award of prejudgment interest.  Plaintiff was diligent in prosecuting the

action.  However, based on the record before the Court, the Court finds that Plaintiff has failed to

demonstrate that Defendant was unjustly enriched as a result of its breach and that the award of

prejudgment interest would be compensatory.[5]  In the absence of these elements, the Court

declines to award prejudgment interest.  <u>Cf.</u> <u>Montgomery County</u>, 2001 U.S. Dist. LEXIS at *15-

16 (declining to make a discretionary award of prejudgment interest where the plaintiff failed to

demonstrate unjust enrichment).

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to Alter or Amend Judgment is

granted in part and denied in part.  An appropriate order follows.

---

4.  Plaintiff's brief does not address whether its damages should be considered liquidated or unliquidated damages.

5.  Plaintiff failed to make any arguments as to whether Defendant was unjustly enriched or whether an award of prejudgment interest would be compensatory.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| VANALT ELECTRICAL | : | |
| CONSTRUCTION, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO.  03-6741 |
| | : | |
| v. | : | |
| | : | |
| SELCO MANUFACTURING | : | |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 14th  day of December, 2005, upon consideration of Plaintiff's

Motion to Alter or Amend Judgment (Docket No. 53) and Defendant's Reply (Docket No. 54), it

is hereby **ORDERED** that Plaintiff's Motion is **GRANTED in part and DENIED in part.**

Plaintiff's motion to correct its name on this Court's October 25, 2003 Judgment

(Docket No. 52) is **GRANTED.**  Plaintiff's name shall be corrected from "Van Alt Electrical

Construction" to "Vanalt Electrical Construction, Inc."

Plaintiff's motion to include prejudgment interest as part of the Judgment is

**DENIED.**

BY THE COURT:

_____

RONALD L. BUCKWALTER, S.J.