IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANALT ELECTRICAL CONSTRUCTION, INC., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SELCO MANUFACTURING CORPORATION. | : | NO. 03-CV-6741 |

**MEMORANDUM AND ORDER**

**L. Felipe Restrepo**                                                                                     January 3, 2008
**United States Magistrate Judge**

      This case is a diversity action for breach of contract and breach of warranty. On November 20, 2007, the Court entered a jury verdict for plaintiff, Vanalt Electrical Construction (hereinafter "Vanalt"), and against defendant, Selco Manufacturing Corporation (hereinafter "Selco"), in the amount of $310,834 (Doc. No. 107). Presently before the Court is plaintiff's Rule 59(e) Motion to Alter or Amend Judgment to Add Compensation for Delay and/or Prejudgment Interest in the amount of $79,263 (Doc. No. 108), defendant's Response (Doc. No. 109), and plaintiff's Reply (Doc. No. 110). For the following reasons, this Court grants plaintiff's motion in the amount of $74,600.16, the amount of prejudgment interest as calculated under 41 Pa. Cons. Stat. § 202 (2007) for forty-eight (48) months, signifying the time that has elapsed since Vanalt originally filed suit until this Court's final judgment for plaintiff. This Court hereby amends its November 20, 2007 Judgment, and enters an Amended Judgment for plaintiff and against defendant in the amount of $385,434.16

1. **BACKGROUND AND PROCEDURAL POSTURE**

Plaintiff Vanalt originally filed this action against Selco on December 16, 2003, alleging breach of contract and breach of express and implied warranties.  See Compl. ¶¶ 36-57.  The case was tried before a jury, which found Selco liable on all counts and awarded damages in the amount of $300,000.  Judgment was entered for Vanalt by the District Court on October 26, 2005 (Doc. No. 52).

On November 8, 2005, Vanalt motioned the Court to alter the judgment to include prejudgment interest as a matter of right in the amount of $39,000, (Doc. No. 53), pursuant to McDermott v. Party City Corp., 11 F. Supp. 2d 612 (E.D. Pa. 1998)[1].  The District Court denied Vanalt's motion on December 15, 2005.  In its Memorandum and Order (Doc. No. 58), the Court explained that because Vanalt's damages were not liquidated as defined by the Third Circuit in Black Gold Coal Corp. v. Shawville Coal Co., 730 F.2d 941, 944 (3d Cir. 1984), Vanalt was not entitled to prejudgment interest as a matter of right.  See Vanalt Elec. Const., Inc. v. Selco Mfg. Corp., 2005 U.S. Dist. LEXIS 33151, at *5-7 (E.D. Pa. Dec. 15, 2005).  The Court also declined to award prejudgment interest as a matter of discretion, finding that Vanalt failed to "make any arguments as to whether [d]efendant was unjustly enriched or whether an award of prejudgment interest would be compensatory."  See id. at *7-8 n.5; see also Montgomery County v. Microvote Corp., 2001 U.S. Dist. LEXIS 8737 (E.D. Pa. June 25, 2001).

Selco appealed the verdict, arguing that the District Court erred at trial by (1) ruling as a matter of law that the contract between Selco and Vanalt did not include terms limiting Selco's

---

[1] In a footnote, plaintiff also noted that prejudgment interest could be awarded as a matter of discretion under Feather v. United Mine Workers of Am., 711 F.2d 530 (3d Cir. 1983). See Pl.'s Mem. (Doc. No. 53).

liability for consequential damages and (2) improperly placing the burden of proving reasonable notice of breach on Selco, not Vanalt. See Vanalt Elec. Const. v. Selco Mfg. Corp., 233 Fed. Appx. 105, 106-12 (3d Cir. 2007). Vanalt cross-appealed the denial of prejudgment interest. See id. at 106.

The Third Circuit vacated the jury's damages award, and remanded the case for retrial on three issues: (1) whether the limitation of liability term that Selco says it added to the contract was indeed communicated to Vanalt and accepted as part of the contract; (2) whether Vanalt provided reasonable notice to Selco of the breach; and (3) the amount of damages, if any, owed to Vanalt by Selco. Id. at 113. In addition, the Third Circuit found that the District Court did not abuse its discretion in choosing not to award prejudgment interest, but it vacated the December 15, 2005 Order denying prejudgment interest, stating that "[w]hile we do not imply that the result should be different after the new trial, we do not wish to tie the District Court's hands in its consideration of the issue in light of the record that develops on remand." Id. at 112.

Before retrial, Selco filed a motion *in limine* to strike plaintiff's exhibit summarizing damages (Ex. P-144), specifically the estimate of prejudgment interest in the amount of $100,665, see Def. Mot. *in Limine*, Ex. C (Doc. No. 93), arguing that the issue of prejudgment interest was both foreclosed by the Third Circuit and could not, categorically, be heard by a jury. See id. at 1-2. Without ruling on the merits of these arguments, the Court granted defendant's motion without prejudice to plaintiff to pursue prejudgment interest *via* post-trial motion. See Order, Nov. 14, 2007 (Doc. No. 98).

After a trial lasting approximately five days, a second jury found that (1) Selco's limitation of liability term for consequential damages was not communicated to Vanalt nor

3

accepted as part of the contract, (2) that Vanalt did provide reasonable notice to Selco of the breach, and (3) awarded damages to Vanalt in the amount of $310, 834.  On November 28, 2007, plaintiff filed a timely motion to mold the jury's verdict for compensation for delay and/or prejudgment interest pursuant to Federal Rule of Civil Procedure 59(e) (Doc. No. 108).  Defendant responded on December 5, 2007 (Doc. No. 109), and plaintiff replied on December 11, 2007 (Doc. No. 110).

### 2.   DISCUSSION

Under Pennsylvania law, prejudgment interest may be awarded as a matter of right or a matter of discretion (often termed "compensation for delay").  Feather, 711 F.2d at 540; Black Gold, 730 F.2d at 943; Smith Transport, Inc. v. Truck and Bus Wash, Inc., 2007 U.S. Dist. LEXIS 30508, at *14 (W.D. Pa. Apr. 25, 2007) (quoting Frank B. Bozzo v. Elec. Weld Div. of Fort Pitt Div. of Spang Indus., 498 A.2d 895, 434-35 (Pa. Super. 1985)); Busy Bee, Inc. v. Wachovia Bank, 2006 Pa. Dist. & Cnty. Dec. LEXIS 238, at *209-10 (2006).  Here, plaintiff seeks prejudgment interest only as a matter of discretion.  See Pl.'s Mem. 2 (Doc. No. 108).  Therefore, the Court will not discuss the circumstances in which prejudgment interest must be awarded as a matter of right.[2]

Prejudgment interest may be awarded at the court's discretion even where the "breach was not the failure to pay a fixed or ascertainable sum," as here.  Marrazzo v. Scranton Nehi

---

[2] Defendant asserts that plaintiff's motion is identical to its first motion for prejudgment interest.  See Def.'s Res. 1, 6.  After reviewing Plaintiff's first motion for prejudgment interest (Doc. No. 53) and the present motion (Doc. No. 108), the Court finds this assertion without merit.

Bottling Co., 263 A.2d 336, 337 (Pa. 1970).  In determining whether a discretionary award of prejudgment interest is appropriate, the court considers several factors, including:

> (1) the diligence of the plaintiff in prosecuting the action;
> (2) whether the defendants have been unjustly enriched;
> (3) whether the award would be compensatory;
> (4) whether there are countervailing equitable considerations which militate against an award of prejudgment interest.

Feather, 711 F.2d at 540; Krain Outdoor Displays, Inc. v. Tenn. Cont'l Corp., 1986 U.S. Dist. LEXIS 21740, at *10-11 (E.D. Pa. Aug. 12, 1986).  It is plaintiff's burden to show that these factors entitle him to prejudgment interest.  Smith Transport, 2007 U.S. Dist. LEXIS 30508, at *14.

With respect to the first factor, the Court finds that plaintiff has diligently prosecuted the action (consistent with the District Court's first ruling on prejudgment interest).  See Vanalt, 2005 U.S. Dist. LEXIS 33151, at *7 (Buckwalter, J.).

With respect to the second and third factors, the first District Court stated that it did not find that defendant had been unjustly enriched as a result of its breach and that the award of prejudgment interest would be compensatory because plaintiff did not offer any arguments regarding either issue in their brief.  Id.  In this second motion, plaintiff has briefed both issues at some length.  See Pl.'s Mem. 7-9 (Doc. No. 108); see also Pl.'s Reply 3-4 (Doc. No. 110).  This Court finds that defendant **was** unjustly enriched and that prejudgment interest **would** be compensatory.

Unjust enrichment is a factor courts consider when awarding prejudgment interest, but it is not dispositive.  Bradford-White Corp., 1990 U.S. Dist. LEXIS 4370, at *10 (citing Rolf v. Blyth, Eastman Dillon & Co., Inc., 637 F.2d 77, 87 (2d Cir. 1980) ("The fact that defendant was

not unjustly enriched . . . does not, standing alone, make it inequitable to compel the defendant to pay prejudgment interest."). Unjust enrichment has been defined as follows:

> [t]o the extent defendant has had free use of the income-producing ability of plaintiff's money without having to pay for it, he has been unjustly enriched. To divest defendant of this unjustified benefit is not to penalize him, for it has been determined by the trial court that it was never rightfully his.

Feather, 711 F.2d at 540; Bradford-White Corp., 1990 U.S. Dist. LEXIS 4370, at *10 (both quoting Recent Developments–Prejudgment Interest as Damages: New Application of an Old Theory, 15 Stan. L. Rev. 107, 109 (1962)). The fact that a defendant had use of the money, without more, does not necessarily indicate unjust enrichment. Krain, 1986 U.S. Dist. LEXIS 21740, at *12. If the money would have been rightfully usable by the defendant regardless of the breach, unjust enrichment has not been found. Feather, 711 F.2d at 541 (finding no unjust enrichment where the contested money was union dues that would have been paid to defendant regardless of its illegal conduct); Bradford-White Corp., 1990 U.S. Dist. LEXIS 4370, at *10 (finding no unjust enrichment where the contested money was a normal audit fee). Courts have also considered defendants' conduct during and after the breach, specifically whether it was clear that the defendant was responsible for the breach and made a genuine effort to rectify the problem. Montgomery County, 2001 U.S. Dist. LEXIS 8737, at *16; Krain, 1986 U.S. Dist. LEXIS 21740, at *12.

The Court has examined this case in light of the foregoing considerations, and finds unjust enrichment. Two federal juries, before two different judges, separated by two years, came to almost the exact same conclusions regarding Selco's responsibility and the amount of

damages.[3]  The evidence submitted at trial clearly shows that Selco's defective product was the cause of the electrical failure at issue, yet Selco has steadfastly denied responsibility throughout the breach and the litigation.  Selco fully ignored an August 26, 2003 letter from Vanalt asking for compensation for their costs.  Compared to the magnitude of Selco's responsibility for the problem, they made only nominal effort to work with Vanalt to rectify it.  As a result, Selco had wrongful free use of the amount it cost Vanalt to repair the electrical failure from the time of the breach to the time of judgment.

Further, prejudgment interest would be compensatory.  Selco argues that an award of prejudgment interest would be "double-dipping" because Vanalt has already been awarded interest on delayed payments by SEPTA and home office overhead.  See Def.'s Res. 4-5.  The Court disagrees.  The purpose of compensatory damages is to put the plaintiff in as good a position as he would have been had the contract been fully performed.  See Bozzo, 498 A.2d at 898; see also 13 Pa. Cons. Stat. § 1106.  The United States Supreme Court has stated:

> [I]n . . . cases of liquidated or unliquidated damages . . . the injured party has suffered a loss which may be regarded as not fully compensated if he is confined to the amount found to be reasonable as of the time of the breach and nothing is added for the delay in obtaining the award of damages.

Funkhouser v. Preston, 290 U.S. 163, 168 (1933); Bozzo, supra.  A plaintiff's damages must include payment of the interest it was unable to earn because the money which could have earned the interest "had to be spent to meet the expenses incident to appellant's breach of contract." Bozzo, 498 A.2d at 899; see also Bradford-White, 1990 U.S. Dist. LEXIS 4370, at *11.  Simply

---

[3] The present jury assessed $310,834 in damages.  (Doc. No. 107.)  The first jury assessed $300,000 in damages.  (Doc. No. 52.)

put, prejudgment interest is compensation for the "time value" of money damages awarded at trial, Ambromovage v. United Mine Workers of Am., 726 F.2d 972, 981 (3d Cir. 1984), and is not duplicative of the principal damages, as Selco suggests. See Pl.'s Mem. 8-9.

With regard to the fourth factor, there are no "countervailing equitable considerations" that would cause the Court not to award prejudgment interest. Fault for nonpayment does not rest with plaintiff, and defendant did not have to "fend off" an unreasonable demand for damages. Bozzo, 498 A.2d at 899. To the contrary, the facts of this individual case have convinced the Court that prejudgment interest would be a step towards making plaintiff whole, one of the basic purposes of the award. See Bradford-White, 1990 U.S. Dist. LEXIS 4370, at *11-12.

### 3. CALCULATION OF THE PREJUDGMENT INTEREST AWARD

Prejudgment interest is generally awarded for the time lapse between the date payment was wrongfully withheld to when the damages were liquidated and certain, at the legal rate of six percent (6%) per year. 41 Pa. Cons. Stat. § 202 (2007); see Montgomery County, 2001 U.S. Dist. LEXIS 8737, at *9. This time frame provides the basis for Vanalt's calculation of prejudgment interest, which starts the clock at the date of Vanalt's initial demand for $236,439.87 on August 27, 2003, resulting in a fifty-one (51) month delay.

This Court's award is an equitable remedy, and as such, the Court must determine what amount justice and fair dealing require. N. Am. Specialty Ins. Co. v. Chichester Sch. Dist., 2002 U.S. Dist. LEXIS 11730, at *29 (E.D. Pa. Jan. 3, 2002) (citing Restatement (Second) of Contracts § 354(2) (1979)); see also Royal Ins. Co. of Am. v. Latrobe Const. Co., 2006 U.S. Dist. LEXIS 48224, at *13 (E.D. Pa. July 14, 2006) ("[I]n unliquidated damages case[s], prejudgment

8

interest is left to [the] court's discretion and accounts for equitable considerations."). Here, the equitable approach is to assess prejudgment interest from the date of Vanalt's filing instead of the date of Vanalt's initial demand for payment. At trial, Vanalt presented evidence that it sent Selco the demand as a reasonable assessment of their damages, but that they were willing to discuss the final amount paid. Had Selco chosen to respond to Vanalt's demand, it would not have been wrongful for Selco to take a reasonable period of time to check Vanalt's figures and negotiate an amicable resolution. See, e.g., N. Am. Specialty Ins. Co., 2002 U.S. Dist. LEXIS 11730, at *31. Since Vanalt filed suit shortly after the date of the demand, the Court finds that assessing prejudgment interest as of December 16, 2003, the date of filing, is appropriate. See Royal Ins. Co., 2006 U.S. Dist. LEXIS 48224, at *13. Thus, prejudgment interest is awarded to Vanalt in the amount of $74,600.16, and the November 20, 2007 Judgment is hereby amended to the amount of $385,434.16.[4]

.

An appropriate Order follows.

---

[4] ( **$310,834 x 48 months x .06**) / **12 months/year = $74,600.16**. **$310,834 + $74,600.16 = $385,434.16.**